**Michael R. DULIN, Petitioner–Appellant,**

v.

**Gerald COOK and Gary W. Deland, Respondents–Appellees.**

No. 91–4110.

United States Court of Appeals, Tenth Circuit.

Feb. 18, 1992.

Michael R. Dulin, pro se.

R. Paul Van Dam, Atty. Gen., and Charlene Barlow, Asst. Atty. Gen., State of Utah, Salt Lake City, Utah, for respondents-appellees.

Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.

McKAY, Chief Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal arises from the district court's denial of Petitioner's Writ of Habeas Corpus. The district court determined that Petitioner failed to exhaust state review of his habeas claims and that he is now procedurally barred from doing so. Thus, the district court concluded Petitioner had procedurally defaulted his federal claims and denied him federal habeas relief.

Petitioner challenges the district court's decision on two grounds. First, Petitioner contends that he afforded the Utah Supreme Court the opportunity to review his habeas claims, and thus, he exhausted his state remedies. Second, Petitioner contends his lack of access to Utah appellate rules should excuse him from his procedural default.

Petitioner, a prisoner in Nevada, pled guilty in 1984 to a misdemeanor charge of possession of a dangerous weapon and was sentenced to one year in jail or prison. Subsequently, Petitioner was charged with burglary, theft, and being a habitual criminal. Petitioner filed a motion to dismiss the charges in state district court arguing that the felony charges arose out of the same criminal episode as the misdemeanor weapons possession charge he had already

been convicted of. Petitioner argued that, because he had already been convicted of the weapons possession charge, he could not subsequently be charged with burglary and theft. Petitioner's motion was denied, and he was found guilty as charged after a non-jury trial.

Petitioner did not seek direct appeal of this conviction. Four years after he was convicted, however, Petitioner filed a habeas corpus petition in state district court raising essentially the same issues he had asserted in his motion to dismiss. The state district court denied Petitioner's habeas corpus petition. That court determined that the habeas corpus petition was an improper substitute for a direct appeal and that Petitioner's arguments did not justify habeas relief.

Petitioner appealed the denial to the Utah Supreme Court. The Utah Supreme Court transferred the case to the Utah Court of Appeals pursuant to Rule 42 of the Utah Rules of Appellate Procedure ("Appellate Rules"). The Utah Court of Appeals affirmed the state district court's denial of Petitioner's habeas corpus petition after considering the merits of Petitioner's claims.

Petitioner was entitled to seek certiorari review of the Utah Court of Appeals' decision pursuant to Rule 45. However, Petitioner was required to petition for such review within thirty days after the entry of the Utah Court of Appeals' decision. This thirty-day time limit expired without Petitioner seeking such review. Consequently, the federal district court determined that Petitioner could no longer seek further state review of his habeas claims and, thus, was procedurally barred from seeking any federal habeas relief as well. The district court, however, failed to further analyze Petitioner's default under either the "deliberate bypass" standard or the "cause and prejudice" standard.

■ Petitioner contends he exhausted state remedies despite his failure to seek certiorari review of the Utah Court of Appeals' decision. He claims that the Utah Supreme Court had an opportunity to reach the merits of his habeas claims when it transferred the case to the Utah Court of Appeals. We understand the Rule 42 transfer process to be an overflow mechanism and not a review on the merits which the exhaustion doctrine requires. Thus, we conclude that Petitioner's original appeal to the Utah Supreme Court did not constitute an exhaustion of his state remedies.

■ We further conclude that the district court properly found Petitioner would now be procedurally barred from exhausting his state remedies in the Utah Supreme Court. Appellate Rule 48(a) requires that a petition for certiorari be filed within thirty days after the entry of a decision by the Utah Court of Appeals. The clerk is required by Appellate Rule 48(b) to refuse any petition for certiorari which is jurisdictionally out of time. Appellate Rule 48(e) allows the Utah Supreme Court, upon a showing of excusable neglect or good cause, to extend the time for filing a petition for certiorari. A petitioner must request such an extension within thirty days after the original thirty-day time limit expires, however. Any extension granted cannot exceed the original thirty-day time limit by more than forty days. All of these time limits have long since expired in the case of Petitioner's habeas action. Thus, it seems sufficiently clear that the Utah Supreme Court would not, indeed could not, accept Petitioner's habeas action for review even upon a showing of good cause. Although Appellate Rule 2 allows the Utah Supreme Court to suspend the rules upon a showing of extraordinary cause, such a suspension is specifically disallowed with respect to Appellate Rule 48. Thus, we conclude that an anticipatory denial of state relief, as articulated by the United States Supreme Court in *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), is properly applied here. In *Coleman* the Court noted that if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review. *Coleman,* 111 S.Ct. at 2557 n. 1.

Petitioner contends that his default should be excused due to his lack of knowledge of Utah appellate rules. Petitioner alleges that, because he is in a Nevada prison, he had no access to, or notice of, Utah appellate rules and, thus, had no way of knowing that further state appeal was required or available. In effect, Petitioner contends this lack of access to rules or notice regarding his right to appeal constitutes "cause" for his procedural default. In *Coleman* the Court clearly announced that:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman,* 111 S.Ct. at 2565. *See also Gilbert v. Scott,* 941 F.2d 1065, 1067–68 (10th Cir.1991) (adopting the *Coleman* "cause and prejudice" standard). The "cause and prejudice" standard applies to pro se prisoners just as it applies to prisoners represented by counsel. *Rodriguez v. Maynard,* 948 F.2d 684, 687 (10th Cir.1991). In order to satisfy the "cause" standard, Petitioner must show that "some objective factor external to the defense" impeded his compliance with Utah's procedural rules. *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

We conclude that Petitioner sufficiently alleges "cause" when he claims that, due to his incarceration in Nevada, he had no reasonable access to, or notice of, Utah appellate rules. Thus, Petitioner should be afforded the opportunity to prove these circumstances did in fact exist. We stress that we are not deciding that "cause" actu-

ally exists in this case. As in any other case dismissed on the pleadings, we have merely determined that the complaint on its face states a claim for cause under the "cause and prejudice" standard—that is, no knowledge of Utah appellate rules and no reasonable method by which to gain such knowledge due to incarceration in a foreign jurisdiction. Instead, we remand this case to the district court for the factual and legal inquiry required to make such a determination. If the district court determines that Petitioner did not know of his right to further state appeal due to lack of reasonable access to, or notice of, Utah appellate rules, then it must further determine whether Petitioner meets the "prejudice" prong of the "cause and prejudice" standard.* In determining whether "cause" exists in this case, the district court should inquire into any reasonable means by which Petitioner could have received notice of the availability of further state appeal. Such means might include access to an attorney, access to the Utah appellate rules through library loan, inquiry to the Utah appellate system, or any kind of notice received by Petitioner in connection with the disposition of his state habeas claims. We further note that Petitioner's alleged lack of knowledge must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or the law.

This case is REMANDED to the district court for further proceedings consistent with this opinion.

---

* Petitioner has failed to demonstrate that denial of federal habeas corpus review will result in a fundamental miscarriage of justice. Cases involving a fundamental miscarriage of justice "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McClesky v.*

*Zant,* —— U.S. ——, 111 S.Ct. 1454, 1470, 1475, 113 L.Ed.2d 517 (1991); *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986); *Gilbert v. Scott,* 941 F.2d at 1068 n. 1. Petitioner does not allege facts which would bring him within this narrow exception.