986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael R. DULIN, Petitioner-Appellant,
v.
Gerald COOK and Gary W. Deland, Respondents-Appellees.
 No. 92-4156.
 United States Court of Appeals, Tenth Circuit.
 Jan. 21, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Michael R. Dulin appeals for the second time from the dismissal of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Initially, the district court dismissed the § 2254 petition due to Petitioner's failure to petition the Utah Supreme Court for a writ of certiorari following the Utah Court of Appeals' affirmance of the state district court's dismissal of a state habeas corpus petition. We agreed with the district court that Petitioner had procedurally defaulted on his claim. Dulin v. Cook, 957 F.2d 758, 759 (10th Cir.1992). However, Petitioner's allegation that his incarceration in a Nevada prison denied him access and notice of Utah appellate rules sufficiently alleged cause for the procedural default; therefore, we remanded to afford Petitioner an opportunity to prove these circumstances existed.
 
 
 2
 Our remand instructed the district court that
 
 
 3
 [i]n determining whether 'cause' exists in this case, the district court should inquire into any reasonable means by which Petitioner could have received notice of the availability of further state appeal. Such means might include access to an attorney, access to the Utah appellate rules through library loan, inquiry to the Utah appellate system, or any kind of notice received by Petitioner in connection with the disposition of his state habeas claims.... Petitioner's alleged lack of knowledge must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules of the law.
 
 
 4
 Id. at 760. On remand, the district court recognized that Petitioner had no access to an attorney, the prison where he was incarcerated did not have Utah appellate rules, and he received no notice from the Utah Court of Appeals concerning his right to petition the Utah Supreme Court for a writ of certiorari. However, the district court held that Petitioner's failure to allege that he attempted to obtain the Utah appellate rules and was unsuccessful precluded him from relying on his lack of access to such rules to establish cause for his procedural default. In short, the district court ruled that Petitioner had failed to avail himself of every reasonable means by which to familiarize himself with Utah appellate rules.
 
 
 5
 We agree with the district court. In our earlier opinion, we specifically noted the possibility of inquiry to the Utah appellate system and loans between prison libraries. Petitioner did not pursue either of these alternatives and therefore has not demonstrated that " 'some "objective factor external to the defense' impeded his compliance with Utah procedural rules...." Id. at 760 (quoting McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991)).
 
 
 6
 Petitioner's attempt to excuse his procedural default by an alleged miscarriage of justice is insufficient because Petitioner does not contend that he is actually innocent of the charge for which he is incarcerated, but rather argues the merits of his double jeopardy claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986) (miscarriage of justice exception would allow procedurally defaulted claim to be heard if petitioner establishes a colorable claim of factual innocence).
 
 
 7
 Finally, Petitioner's argument concerning retroactivity was not raised in the district court and will not be heard for the first time on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3