996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ruben Rudy TRUJILLO, Petitioner-Appellant,
v.
Fred VAN DER VEUR, Warden, Utah State Prison, Respondent-Appellee.
 No. 93-4028.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BARRETT, Senior District Judge.
 
 
 3
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 Ruben Rudy Trujillo (Trujillo), appearing pro se and having been granted leave to proceed in forma pauperis, appeals from the district court's order adopting the Report and Recommendation of the Magistrate Judge and dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §§ 2241, et. seq. Finding that Trujillo's claims do not belong in federal court due to his failure to exhaust state remedies, the district court denied Trujillo's petition for a certificate of probable cause. To reach the merits of this appeal, we grant Trujillo's petition for issuance of a certificate of probable cause.
 
 
 5
 Trujillo, an inmate in custody of the Central Utah Correctional Facility, challenges his conviction of an unspecified crime through various allegations that actions of his counsel, the Utah courts, Adult Probation and Parole, and the Utah Board of Pardons violated his state and federal constitutional rights. At no point in his petition for a writ of habeas corpus does Trujillo assert that he has exhausted his state remedies, as required by 28 U.S.C. § 2254(b, c), or that he is precluded from pursuing his claims in the Utah courts under the Utah Post Conviction Relief rule.
 
 
 6
 The Magistrate Judge noted that before a state prisoner may seek relief in a federal court, the prisoner must present his claims to the state courts, including the state's highest court, exhausting all available state remedies. Under the Magistrate Judge's Report and Recommendation, Trujillo's petition for a writ of habeas corpus was dismissed as he failed to exhaust his state remedies. The district court entered an order affirming and adopting the Magistrate Judge's Report and Recommendation of dismissal.
 
 
 7
 On appeal, Trujillo contends that if this appeal "is held in pendenti [sic], it would be a clear indication that there exists 'an absence of an available state corrective process' 'or the existence of circumstances that render such process ineffective.' " Trujillo further asserts that he has provided the state courts sufficient, fair, and reasonable opportunity to render a decision on his appeal. However, he acknowledges that his "appeal is now pending before the [U]tah [C]ourt of [A]ppeals [and] no decision from that court has been made." He does not assert that he has in fact exhausted available state remedies, but instead that "[i]t would be meaningless to insist that petitioner exhaust his state remedies...."
 
 
 8
 We have reviewed the record and are satisfied that the district court properly considered Trujillo's petition and correctly found that Trujillo has failed to exhaust his available state remedies. We affirm the district court's dismissal of Trujillo's habeas corpus petition for substantially the reasons set forth in the Report and Recommendation of the Magistrate Judge, dated December 7, 1992, a copy of which is attached hereto and made a part hereof.
 
 
 9
 AFFIRMED.
 
 ATTACHMENT
 
 10
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 11
 RUBEN RUDY TRUJILLO, Plaintiff(s),
 
 
 12
 vs.
 
 
 13
 FRED VANDERVEUR, Defendant(s).
 
 Case No. 92-C-981 S
 REPORT & RECOMMENDATION
 
 14
 Ruben Rudy Trujillo, a Utah State Prison (USP) inmate confined at the Central Utah Correctional Facility (CUCF), in Gunnison, Utah, has filed a petition for a writ of habeas corpus challenging his conviction for an unspecified crime in a Utah court. The conviction was apparently based on a plea of guilty. Petitioner makes various claims that actions of his counsel, the Utah courts, and the Utah Board of Pardons violated his state and federal constitutional rights. The petition has been considered under 28 U.S.C. § 2254. There is no allegation in the petition that the petitioner has exhausted his available state remedies or any factual showing of such action.
 
 
 15
 The petition has been referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). It has been reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases. This report and recommendation is submitted pursuant to the reference.
 
 
 16
 A state prisoner may not seek relief in a federal court by habeas corpus pursuant to 28 U.S.C. § 2254 unless the petitioner has first presented all the issues on which he seeks federal relief to the state courts and has exhausted his available state remedies. 28 U.S.C. § 2254(b) and (c); Picard v. Connor, 404 U.S. 270 (1971). This includes presenting his claims to the highest court of the state. Dulin v. Cook, 957 F.2d 758 (10th Cir.1991). Petitioner has not shown that he has exhausted his state remedies. Petitioner may still pursue his claims in the Utah courts under the Utah Post Conviction Relief rule. Rule 65 B, U.R.C.P.
 
 
 17
 Since petitioner has not exhausted his state remedies under 28 U.S.C. § 2254(c) his petition for habeas corpus in this court should be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 18
 Copies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within ten days from the receipt hereof.
 
 
 19
 DATED this 7th day of December, 1992.
 
 
 20
 /s/Ronald N. Boyce
 
 United States Magistrate Judge
 CERTIFICATE OF MAILING
 
 21
 I HEREBY CERTIFY that a true and correct copy of the foregoing REPORT and RECOMMENDATION has been mailed, postage prepaid, to all parties named below on this 7th day of December, 1992.
 
 Ruben Rudy Trujillo
 P.O. Box 550
 Gunnison, UT 84634
 
 22
 /s/ Signature illegible clerk
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3