UNITED STATES COURT OF APPEALS

**Filed 4/30/96**

TENTH CIRCUIT

---

CONRAD J. BRAUN,

    Petitioner - Appellant,

        v.

CARLA J. STOVALL, Attorney General,

    Respondent - Appellee.

Nos. 95-3275
      95-3286
      95-3324

(D.C. No. 95-3308-DES)
(D.C. No. 95-CV-3314)
(D.C. No. 95-CV-3372)

(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, McKAY, and KELLY, Circuit Judges.

---

After examining Appellant's briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Conrad Braun is currently serving a sentence in a federal correctional institution. Acting pro se, he filed three petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed all three petitions. In the interest of judicial economy, we have consolidated Mr. Braun's appeals of the district court's dismissal of his petitions. We grant Petitioner's motion for leave to proceed on his appeals without prepayment of costs or fees. The district court found these appeals legally frivolous and denied Petitioner a certificate of probable cause necessary to proceed under § 2254. We grant Petitioner's certificate of probable cause and proceed to the merits of the case.

In one petition, district court case number 95-3314-DES, Mr. Braun sought relief from purported state restrictions on his contact with his children. Mr. Braun, acting on behalf of his children, originally filed the action as a child-in-need-of-care petition. A guardian ad litem was appointed to represent the children in the action. The district court dismissed the petition for failing to state a cause of action. Mr. Braun then appealed that dismissal to a Kansas Court of Appeals, which affirmed. The Kansas Supreme Court denied review of the case. Having completely exhausted his state remedies, Mr. Braun sought an order through federal habeas review directing the state courts to address the merits of his claims.

The merits of Mr. Braun's complaint concerns the inability of his children to contact him during his incarceration in federal prison. He cites several instances where public officials and relatives have interfered with his contact with his children. The district court correctly dismissed the petition because Mr. Braun's allegations failed to provide a legal basis for finding that Mr. Braun or his children are subject to unlawful restraint for purposes of habeas corpus. Additionally, it appears Mr. Braun's children are in the custody of his ex-wife and that he is challenging his visitation rights. Federal courts do not have jurisdiction under § 2254 to consider collateral challenges to state child-custody decisions. Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 512 (1982). Therefore, we affirm the district court's dismissal of Mr. Braun's habeas petition.

In his other petitions for habeas relief, Mr. Braun appears to be collaterally attacking his prior state court convictions because his federal sentence was enhanced due to his prior state court convictions. In his first petition, case number 95-3308-DES, Mr. Braun challenged four convictions in the Kansas state courts: two for criminal trespassing, one for terrorist threat, and one for battery. Mr. Braun claims he was denied a fair trial in all four cases due to an alleged conspiracy encompassing his ex-wife, the Leawood Police Department, Johnson County prosecutors, and his parole officer. He also alleged that evidence of an unsuccessful sting operation in 1991 was withheld from him

3

during his plea negotiations in 1992. The district court dismissed the petition without prejudice because Mr. Braun had failed to exhaust his remedies in the Kansas state courts. Soon thereafter, Mr. Braun filed a second petition, case number 95-3372-DES, asserting that he had exhausted his state court remedies because the Kansas Supreme Court had dismissed his habeas petition. Again the district court dismissed the petition.

Petitioner claims he has exhausted the state court remedies on all of his claims regarding his four state court convictions. The record, however, shows that he did not complete state habeas review in the four cases.[1] Petitioner sought habeas review in state district court. The state district court dismissed his petitions because it found no cognizable claims and a lack of jurisdiction. Instead of appealing to the Kansas Court of Appeals, petitioner filed an original state habeas corpus petition with the Kansas Supreme Court. In his petition to the Kansas Supreme Court, Mr. Braun requested that court to "immediately dismiss this case in order to fullfull [sic] the requirement of exhausting state remedies." The Kansas Supreme Court dismissed the petitions as original filings, not as notices of appeal from the state district court's dismissal. We deny Mr. Braun's petition for habeas relief in federal court because he failed to fully exhausted his state court remedies and he is now procedurally defaulted on his state remedies. Coleman v.

---

[1] We are unable to determine from the record whether Petitioner directly appealed his state convictions.

4

Thompson, 501 U.S. 722, 729-31 (1991); Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992).  He failed to seek review of the state district court dismissal of his habeas petitions by the Kansas Court of Appeals.  The summary dismissal by the Kansas Supreme Court did not represent a review of the habeas petition which was dismissed by the district court.  The district court correctly dismissed Mr. Braun's petition because he is now procedurally barred from filing a timely notice of appeal to the Kansas Court of Appeals from the state court dismissal of his petition.

In his brief, Petitioner argues that he had cause for his default and that he will suffer prejudice if we do not hear his claim.  Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977).  A petitioner satisfies the "cause" standard by showing that "some objective factor external to the defense" impeded his compliance with the state procedural rules.  Dulin, 957 F.2d at 760 (quoting McCleskey v. Zant, 499 U.S. 467, 493 (1991)).  In Dulin, we held the petitioner had sufficiently alleged cause by claiming that he had no reasonable access to, or notice of, the state appellate procedures.  Id.  As cause in this case, Petitioner claims he believed he had exhausted his state remedies.  Through the appeal of his petition challenging his visitation rights, Petitioner has shown that he had knowledge of and was familiar with the process for exhausting his state remedies.  Mr. Braun correctly exhausted his remedies by appealing to the Kansas Court of Appeals and then the Kansas Supreme Court in his petition challenging his visitation rights.  Additionally, "petitioner's

5

alleged lack of knowledge must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or law." Watson v. New Mexico, 45 F.3d 385, 388 (10th Cir. 1995). Petitioner has not claimed a lack of access to Colorado's appellate procedures; instead, he claims that he believed he was in compliance with their procedures. Mr. Braun failed to sufficiently allege that some externally objective factor impeded his compliance with the state procedural rules. Petitioner has not shown good cause for failing to exhaust his state remedies. We need not consider whether Mr. Braun suffered actual prejudice because we conclude that he lacked cause for his default. See Engle v. Isaac, 456 U.S. 107, 134 n. 43 (1982).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge

6