**UNITED STATES COURT OF APPEALS**
**Filed 5/30/96**
**TENTH CIRCUIT**

JAMES EARL HILLIARD,

      Petitioner-Appellant,

v.

ROBERT J. TANSY,

      Respondent-Appellee.

No. 95-2073
(D.C. No. CV 91-913)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL** and **LUCERO**, Circuit Judges, and **McWILLIAMS**, Senior Circuit Judge.

Pursuant to 28 U.S.C. § 2254, James Earl Hilliard, a state prisoner, filed a pro se petition for habeas corpus in the United States District Court for the District of New Mexico, naming as respondent Robert J. Tansy, Warden of the New Mexico State Penitentiary, wherein Hilliard was confined.

Upon order of a magistrate, Respondent filed a timely answer to the petition. After an evidentiary hearing, the Magistrate made proposed findings and recommended that the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition be denied. As reason therefore, the Magistrate concluded that Hilliard was in procedural default and had not shown cause and prejudice, nor had he shown that to deny his petition on the basis of procedural default would result in a miscarriage of justice. The district court adopted the proposed findings and recommended disposition of the Magistrate, and dismissed the petition with prejudice. Hilliard appeals. We grant a certificate of probable cause and affirm.

Hilliard was convicted in the Otero County District Court in the State of New Mexico of trafficking in heroin. On November 5, 1990, he was sentenced to imprisonment for nine years to be followed by a mandatory two-year period of parole.[1] Hilliard's conviction and sentence were affirmed by the New Mexico Court of Appeals on February 12, 1991. In that appeal, Hilliard challenged the sufficiency of the affidavit which formed the basis for a search warrant authorizing a search of Hilliard's hotel room. Hilliard filed a petition for certiorari with the New Mexico Supreme Court, which was denied on March 20, 1991.

On September 11, 1991, Hilliard filed a *pro se* petition for habeas corpus in federal district court in New Mexico, alleging three grounds for relief: (1) unlawful search warrant; (2) failure of prosecution to disclose evidence favorable to Hilliard; and (3) ineffective assistance of counsel. In his Memorandum Brief in support of his petition, Hilliard asked

---

[1] On August 12, 1991, Hilliard was sentenced to an additional term of eight years as an habitual offender, to be served consecutively to the nine-year term previously imposed.

that the first and second grounds urged in his petition be dismissed, and thereafter he only pursued his ineffective assistance of counsel argument.

On October 25, 1991, some forty-four days after he filed his federal habeas corpus petition, Hilliard filed in the Otero County District Court in New Mexico a *pro se* petition for habeas corpus, alleging, among other matters, ineffective assistance of counsel. That petition was denied on October 25, 1991, and Hilliard did not thereafter file a petition for writ of certiorari to the New Mexico Supreme Court as permitted by N.M. S.A. § 5-802(G)(2).[2]

As previously stated, Hilliard filed his federal petition for habeas corpus on September 11, 1991. On October 29, 1991, the Magistrate ordered Respondent to answer the petition, and on January 6, 1992, the state's attorney general filed an answer. On that same date, Respondent filed a motion to dismiss the petition on the grounds of procedural default. On October 16, 1992, the Magistrate ordered the federal public defender to represent Hilliard. On September 10, 1993, Hilliard, through counsel, filed a motion for an evidentiary hearing. On October 11, 1994, the Magistrate granted Hilliard's motion for an evidentiary

---

[2] N.M.S.A § 5-802. Habeas corpus.
. . . .
    G. Appeal. After the district court's decision:
      . . . .
        (2) if the writ is denied, within thirty (30) days a petition for certiorari may be filed with the supreme court . . . .

hearing. The hearing was held on December 9, 1994, at which time counsel for Hilliard called two witnesses; namely, Hilliard's trial counsel in the New Mexico state court and Hilliard himself. As indicated, the Magistrate filed his recommended disposition on January 3, 1995, which was approved and adopted by the district court on March 10, 1995. Notice of appeal was timely filed.

N.M. S.A § 5-802(G)(2) provides that when a state district court denies a petition for habeas corpus, a petition for certiorari "may be filed" with the New Mexico Supreme Court within 30 days from the denial order. Admittedly, Hilliard did not file a petition for certiorari with the New Mexico Supreme Court within 30 days after the state district court denied his petition for habeas corpus, nor did he file such at any time thereafter. Hilliard simply pursued in federal court his federal habeas corpus petition, which, in fact, had been filed before he filed his state habeas corpus petition. In such circumstance, Hilliard is now procedurally barred from exhausting the state remedies provided him by New Mexico law. The Supreme Court has held that federal habeas relief is unavailable if the state courts have denied relief on an independent and adequate state ground, such as procedural default. *Coleman v. Thompson*, 501 U.S. 722 (1991). Accordingly, "if the court to which [Hilliard] must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred," because, for example, of time limitations, "there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citing *Coleman*, *supra,* at 735 n.1 (1991)).

The present problem is controlled by *Dulin, supra*. There, the petitioner appealed the denial of his state petition for habeas corpus to the Utah Court of Appeals, as provided for by Utah law, but did not seek certiorari review by the Utah Supreme Court, also provided for by Utah law.[3] In that circumstance, we held that the petitioner was in "procedural default for purposes of federal habeas review." *Dulin*, 957 F.2d at 759. *Dulin* has been followed by us in *Ballinger v. Kirby*, 3 F.3d 1371 (10th Cir. 1993) and *Watson v. State of New Mexico*, 45 F.3d 385 (10th Cir. 1995). Similarly, in the instant case, Hilliard failed to seek timely certiorari review of his state habeas petition by the New Mexico Supreme Court, and he is therefore procedurally barred from federal habeas relief. Further, we reject Hilliard's suggestion that § 5-802(G)(2) permits only "limited" certiorari review, and he is therefore "excused" from filing a petition for certiorari with the New Mexico Supreme Court.

The parties agree that under *Coleman*, *supra*, even though Hilliard may be in procedural default, he still may obtain federal habeas corpus review of his claims if he can show cause for his default and actual prejudice, or can demonstrate that failure to hear his claims in federal court would result in a fundamental miscarriage of justice. As indicated, the Magistrate held an evidentiary hearing, and recommended that the federal district court find that Hilliard had not shown cause for his default and resultant prejudice, nor had he

---

[3]Dulin mistakenly filed a direct appeal to the Utah Supreme Court, which then transferred the case to the Utah Court of Appeals. We held that the transfer process constituted an overflow mechanism, and not a review on the merits. Thus, we concluded that Dulin's original appeal did not exhaust his state remedies. *Dulin*, 957 F.2d at 759.

demonstrated that to deny his petition on the grounds of procedural default would result in a fundamental miscarriage of justice, whick recommendation the district court approved and adopted. We agree.

At oral argument in this Court, counsel abandoned her "cause and prejudice" argument, apparently as a result of our recent decision in *Jenkins v. Burtzloff*, 69 F.3d 460 (10th Cir. 1995).

There remains Hilliard's contention that to deny his petition for federal habeas corpus would result in a fundamental miscarriage of justice. As indicated, the only federal claim remaining on appeal is that Hilliard was denied his right to the effective assistance of counsel at trial. The Magistrate held an evidentiary hearing at which time Hilliard and his trial counsel both testified. Based thereon, the Magistrate concluded that to hold Hilliard to his procedural default would not result in a miscarriage of justice. The district court adopted and approved the Magistrate's recommendation. We are not inclined to disturb the district court's evaluation of the evidence. The evidence was conflicting. For example, Hilliard testified that his trial counsel, from time to time, "dozed" during the trial, which counsel denied. Thus, the Magistrate's finding was based upon a credibility determination, which we will not revisit on appellate review. See *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985) (district court's credibility determinations accorded considerable deference).

The underlying facts for the state drug prosecution are that the police officers served a search warrant on Hilliard at a hotel room in Alamogordo, New Mexico, which room was

registered to Hilliard. Hilliard was in the room when it was searched. The search revealed a bottle on the floor of the room, which contained three single dosage units or "hits" of heroin wrapped in plastic and aluminum foil. One Charlene Martinez was in the room with Hilliard when the police entered. Apparently, Hilliard's defense was that the heroin was not his, but belonged to Martinez. All of which presented a pure evidentiary issue. Without further belaboring the matter, we agree with the district court that to hold Hilliard to his procedural default would not result in a fundamental miscarriage of justice.

In support of our resolution of this matter, *see Ballinger, supra,* where in discussing the "fundamental miscarriage of justice" exception to procedural default, we spoke as follows:

> This is an extremely narrow exception, implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.

*Ballinger*, 3 F.3d at 1375 (internal quotation omitted). Hilliard's petition does not present such an "extraordinary case."

Judgment affirmed.

Entered for the Court

Robert H. McWilliams,
Senior Circuit Judge

- 7 -