F I L E D
United States Court of Appeals
Tenth Circuit

DEC 16 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES ARTHUR BYRNS, JR.,

     Petitioner - Appellant,

v.

STATE OF UTAH; JAN GRAHAM,
Utah Attorney General,

     Respondents - Appellees.

No. 98-4085
(D.C. No. 95-CV-1028-K)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Petitioner appeals the district court's denial of his habeas petition, filed

under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 1291, and

because we find the claims asserted in his petition procedurally barred, we affirm.

Charged in a Utah state court with arranging to distribute methamphetamine

and with possession of listed chemicals, petitioner conditionally pled no contest

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

while preserving his right to appeal the denial of several pre-trial motions. On direct appeal, the Utah Court of Appeals affirmed the lower state court's pre-trial rulings. Petitioner, without seeking certiorari review or post-conviction relief in Utah state courts, filed a habeas corpus petition in the United States District Court for the District of Utah, claiming that the state violated his due process and double jeopardy rights. Also asserting a Brady v. Maryland, 373 U.S. 83 (1963), violation, petitioner claimed that the state failed to disclose a witness who, he alleges, would have provided exculpatory testimony. A magistrate judge recommended finding that petitioner procedurally defaulted his claims. The district court adopted the magistrate's report.

Before us, petitioner challenges the district court's procedural default ruling, contending that the state waived its right to assert a procedural bar defense. He also continues to press his underlying substantive claims. Additionally, he contends that the district court erred when it refused to hold evidentiary hearings on what he argues is newly discovered evidence that supports his Brady claim.

**I.**

In reviewing the denial of habeas relief we subject the district court's legal conclusions to de novo review. Davis v. Executive Dir., Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996).

Petitioner's waiver argument is linked to his challenge of the magistrate judge's initial ruling on the issue of exhaustion. When this matter first came before the magistrate, he ordered the state to address the issues of: (1) whether petitioner exhausted his state remedies; and (2) whether he procedurally defaulted any or all of his claims. Without addressing the procedural default issue, the state moved to dismiss, arguing that petitioner failed to exhaust state remedies because he sought neither certiorari review of his conviction nor state post-conviction relief. Petitioner argued that the exhaustion doctrine applies only to appeals as of right, noting that certiorari review by the Utah Supreme Court is solely discretionary; and because he unsuccessfully sought direct appeal, he exhausted state remedies.

The magistrate judge found that the rule in this circuit is that as a prerequisite for seeking federal habeas review, a Utah petitioner must first seek certiorari review in the Utah Supreme Court under Rule 48(a) of the Utah Rules of Appellate Procedure. Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992). We agree. By applying the exhaustion doctrine, the magistrate correctly recommended dismissal of the habeas petition.

After reviewing this recommendation and arguments by the parties, the district court remanded the matter to the magistrate judge to determine the applicability of the procedural bar rule. This time, the state successfully argued that to the extent petitioner could not obtain relief in Utah state courts, he had procedurally defaulted his claims. Petitioner argued that as the state did not address the procedural bar issue when the case first came before the magistrate judge, it had waived its procedural default defense.

We reject petitioner's argument. The magistrate judge applied the procedural bar rule because he found that the Utah Post-Conviction Remedies Act, Utah Code Ann. §§ 78-35a-101 to 78-35a-110 (1997), made petitioner ineligible for any state relief. This act became effective on April 26, 1996. Therefore, on January 30, 1996, when the state responded to the magistrate judge's initial order to address the procedural default and exhaustion issues, it could not assert a procedural bar defense. By August 20, 1996, however, when the district court remanded the matter to the magistrate judge to determine the applicability of the procedural bar rule, the Act was in effect, and the state could, and did, assert a procedural default defense.

We therefore agree with the magistrate judge and the district court that the state properly raised its procedural bar defense. As such, the issue is not whether the state waived its procedural default defense. Instead, the issue is whether if

petitioner is barred by the default rule, there are any reasons to excuse its application.

## II.

Section 78-35a-106(1)(e) of the Utah Post-Conviction Remedies Act precludes relief to any person that "is barred by the limitation period established in Section 78-35a-107." Section 78-35a-107 provides, in turn, that a person seeking certiorari review "is entitled to relief only if the petition is filed within one year" as of "the last day for filing . . . in the Utah Supreme Court." Utah Code Ann. §§ 78-35a-107(1) and (2)(c) (1997).[1]

On July 13, 1995, the Utah Court of Appeals denied petitioner's direct appeal. Between June 30, 1997, when the state asserted its procedural bar defense before the magistrate judge, and February 4, 1998, when the district court adopted the magistrate judge's recommendation that the petitioner had procedurally defaulted his claims, more than one year from the last day for petitioner to file a writ of certiorari in the Utah Supreme Court had elapsed. Therefore, the petitioner was procedurally barred from seeking relief in Utah state courts and, as a consequence, had procedurally defaulted for purposes of federal habeas relief. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner

---

[1] Section 78-35a-107 of the Utah Post Conviction Statute contains limitations periods for other forms of post-conviction relief. Petitioner does not fall within any of these limitations periods.

failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas [relief].").

Petitioner argues that even if the procedural bar rule otherwise applies here, he may still seek habeas relief because he did not deliberately bypass available state remedies. This argument is without merit. The Supreme Court in Wainwright v. Sykes, 433 U.S. 72, 87-88 (1972), rejected the "deliberate bypass" standard and adopted the "cause and prejudice" standard. Hence, the issue we decide here is whether under Wainwright and its progeny, there is cause and prejudice to excuse petitioner's procedural default, or whether barring his claims would result in a fundamental miscarriage of justice. See Banks v. Reynolds, 54 F.3d 1508, 1514 (10th Cir. 1995).

Petitioner faults his counsel for failing to seek timely certiorari review in the Utah Supreme Court. This amounts to an ineffective assistance of counsel claim that cannot survive the Strickland v. Washington, 466 U.S. 668, 695 (1984), test because petitioner fails to show that counsel's performance so prejudiced his case as to produce an unjust result. Petitioner also puts forward substantive claims of entrapment, prosecutorial delay, and Brady violations.[2] Upon review of

---

[2] The magistrate judge originally dismissed the habeas petition for failure to

(continued...)

the record we are convinced that petitioner makes no showing that, but for

counsel's ineffectiveness, the outcome of his case would have been different.  Id.

We also find the fundamental miscarriage of justice exception inapplicable.  To

come within this exception one must make a proper showing of factual innocence.

See Herrera v. Collins, 506 U.S. 390, 404 (1992); Sellers v. Ward, 135 F.3d 1333,

1338 (10th Cir. 1998).  Petitioner fails to carry that burden.[3]

Finally, petitioner argues that the district court erred in not holding full

evidentiary hearings on his claim that newly discovered evidence proved the state

intentionally withheld a witness who would have provided exculpatory testimony.

We review a district court's denial of evidentiary hearings under an abuse of

discretion standard.  Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996).  In

considering motions for hearings on newly discovered evidence, the trial court

must determine whether the new evidence is "material to the issues involved

---

[2](...continued)
exhaust state remedies without prejudice, because Utah state courts did not consider petitioner's double jeopardy claim.  However, petitioner subsequently dropped that claim.  Petitioner is, therefore, raising the double jeopardy claim for the first time before us, and absent extraordinary circumstances we do not consider issues not raised before the district court.  Smith v. Secretary of New Mexico Dep't of Corrections, 50 F.3d 801, 814 n.22 (10th Cir. 1995).  The circumstances here do not warrant consideration of petitioner's double jeopardy claim.

[3] For the same reason, we affirm the district court's conclusion that nothing in the record suggests that the "interests of justice require [us to] excuse petitioner's failure to file within the time limitations."  Utah Code Ann. § 78-35a-107(3) (1997).

[such] that it would probably produce an acquittal." United States v. Sutton, 767 F.2d 726, 728 (10th Cir.1985).

Petitioner alleges that the witness at issue was, among other things, a confidential government informant paid to provide incriminating information about petitioner. Therefore, petitioner argues, the witness is material to his case. After a hearing, a Utah state court found that petitioner made no factual showing to support these allegations. In habeas proceedings, a presumption of correctness attaches to the factual findings of a state court, Nguyen v. Reynolds, 131 F.3d 1340, 1359 (10th Cir. 1997), and can be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner presents no evidence to rebut the state court's factual findings about the witness. We therefore cannot hold that the district court erred in denying petitioner's request for evidentiary hearings on the purported newly discovered evidence.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

- 8 -