**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL BRIAN WHITEMAN,

      Petitioner - Appellant,

v.

CLINT FRIEL,

      Respondent - Appellee.

No. 06-4054
(D.C. No. 2:05-CV-424-TC)
(D. Utah)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Michael Brian Whiteman, on parole and appearing pro se, seeks a

certificate of appealability ("COA"') so that he may appeal from the district

court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. The

district court determined that Mr. Whiteman failed to exhaust his claims in state

court and that, alternatively, he failed to allege a violation of federal law.

The issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S.

322, 336 (2003). Where the district court dismisses a petition on procedural

grounds, a COA requires the inmate to demonstrate that it is reasonably debatable

whether (1) the petition states a valid claim of the denial of a constitutional right,

and (2) the district court's procedural ruling is correct. Slack v. McDaniel, 529

U.S. 473, 484 (2000). Where the district court has rejected a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Mr. Whiteman contends that the Utah Board of Pardons and Parole should not have characterized five of his prior California misdemeanor convictions as felonies for purposes of extending his term on a five-to-life sentence. On January 26, 2004, Mr. Whitehead filed a petition for extraordinary relief in Utah state court. That court dismissed his petition and he appealed. On appeal, he argued that he was denied counsel at his parole hearing. The Utah Court of Appeals affirmed the dismissal because Mr. Whitehead raised a different issue on appeal. Whiteman v. Friel, 2005 WL 27548 (Utah Ct. App. 2005). The court relied on its rule that absent plain error or exceptional circumstances, it does not consider issues not raised below for the first time on appeal. Id. (citing Monson v. Carver, 928 P.2d 1017, 1022 (Utah 1996)). It appears that Mr. Whitehead attempted to file an untimely petition with the Utah Supreme Court, but that court never considered the petition. See I R. Doc. 1 (Petition at 3).

Under 28 U.S.C. § 2254(b)(1)(A), federal courts may not grant an application for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A prisoner seeking federal habeas relief must first exhaust his state remedies; by failing to seek timely review by the Utah Supreme Court, Mr. Whiteman has not exhausted. See Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

In any event, the claim is procedurally barred–were Mr. Whiteman to return to the Utah Supreme Court to seek certiorari in an effort to challenge the court of appeal decision, the thirty day time period in which to do so (or seek an extension) has long since run. Utah R. App. P. 49(a) & (e); Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992). Additionally, the claim is procedurally defaulted for having not raised it before the state court of appeals. Where a claim has been procedurally defaulted on an adequate and independent state-law ground, a petitioner must make a showing of cause and prejudice, or a fundamental miscarriage of justice. Harris v. Reed, 489 U.S. 255, 262 (1989). We agree with the district court that Utah regularly applies its rule that absent plain error or exceptional circumstances, an issue not raised in the district court may not be raised on appeal. See Monson v. Carver, 928 P.2d 1017, 1022 (Utah 1996). Because the procedural default rests on an application of independent and adequate state law ground, the federal court could not hear the state claim, absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 262. The district court's decision is not reasonably debatable.

We DENY a COA, DENY all pending motions, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge