FILED
United States Court of Appeals
Tenth Circuit

October 27, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DIMAS MEDINA,

      Petitioner–Appellant,

v.

TIMOTHY HATCH, Warden; GARY K.
KING, Attorney General for the State of
New Mexico,

      Respondents–Appellees.

No. 10-2148
(D.C. No. 1:09-CV-00492-BB-WPL)
(D. N.M.)

---

# ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **EBEL,** and **LUCERO**, Circuit Judges.

---

      Dimas Medina a/k/a Dimas Aguilar a/k/a Dimas Reyes, a state prisoner

proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district

court's dismissal of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss

the appeal.

---

     [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In 2006, Medina was charged in a multi-count indictment with kidnapping, and both physical and sexual assault of his estranged wife. At trial, Medina attempted to introduce DNA evidence suggesting that his wife had recent sexual contact with another male, but the trial court determined that the evidence was inadmissible under New Mexico's rape shield statute. Medina also sought to introduce favorable testimony from his brother, Ernesto Medina. The court did not allow Ernesto Medina to testify, on the grounds that he was a courtroom spectator and that he had not previously been identified to the State as a potential witness. Medina was convicted by a jury of felony counts of kidnapping, criminal sexual penetration, and aggravated assault on a family member and on several misdemeanor counts.

Medina appealed, challenging the sufficiency of the evidence supporting his conviction. He also (somewhat obliquely) challenged the trial court's exclusion of the DNA evidence and of his brother's testimony, contending that these exclusions violated his rights under the Sixth and Fourteenth Amendments to present a defense. The court of appeals affirmed the conviction. Medina filed a certiorari petition in the New Mexico Supreme Court, on the same grounds, which was denied.

Medina then filed a pro se petition for a writ of habeas corpus in New Mexico state court. His habeas petition reiterated the DNA and sufficiency of the evidence

arguments, and also claimed ineffective assistance of counsel. The court summarily dismissed Medina's petition.

On May 18, 2009, Medina filed a pro se petition for a writ of habeas corpus in the United States District Court for the District of New Mexico. He raised six claims for relief: (1) ineffective assistance of counsel; (2) denial of due process because his brother was not allowed to testify; (3) failure of the prosecution to disclose favorable DNA evidence; (4) use of evidence obtained pursuant to an unlawful arrest in violation of the Fourth Amendment; (5) use of coerced testimony from the victim; and (6) imposition of cruel and unusual punishment in violation of the Eighth Amendment. A federal magistrate judge recommended that Medina's petition be denied. The recommendation stated that Medina defaulted on his ineffective of assistance of counsel claim and exclusion of testimony claims, and rejected the remaining claims on the merits. The district court adopted the magistrate's findings and disposition. Medina filed a timely application for a COA with this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1)(A). Because the district court dismissed parts of Medina's petition on a procedural ground, Medina may not obtain a COA unless he demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We liberally construe Medina's application for a COA because he proceeds pro se. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In his filings with this court, Medina identifies five issues to be raised on appeal, but argues only three of them: (1) his procedural default should be excused; (2) the exclusion of favorable witness testimony violated his right to due process; and (3) the exclusion of DNA evidence recovered from the victim violated his rights under the Confrontation Clause.

## A

A state prisoner's procedural default may be excused to permit federal review of otherwise barred habeas claims if the prisoner can demonstrate: (1) "cause for the default"—which we have defined as "some objective factor external to the defense"; and (2) "actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." Dulin v. Cook, 957 F.2d 758, 760 (10th Cir. 1992) (quoting McClesky v. Zant, 499 U.S. 467, 493 (1991)).

Medina argues that he lacked knowledge of New Mexico's procedural rules because he is not a native English speaker and had no access to an interpreter, thus, causing his procedural default. But whatever his language skills may be, they have not prevented him from filing a number pro se petitions in English. Medina either has a

sufficient working knowledge of English or sufficient access to English speakers to enable him to pursue this action in the courts. Consequently, he cannot establish that language barriers have deprived him of "reasonable access to the rules." Dulin, 957 F.2d at 760.

Medina also claims his lack of knowledge of the New Mexico Supreme Court's filing rules constitutes adequate cause. But to prevail on such a claim, lack of knowledge "must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or the law." Id. Medina has not established a lack of reasonable access. The fact that Medina may have to share the prison's copy of these rules with, by his own estimate, sixty other inmates does not deny him reasonable access to these rules. Moreover, Medina was specifically informed of the deadline for petitioning the New Mexico Supreme Court in the order denying his state habeas claims. Finally, and contrary to Medina's contention, Lewis v. Casey, 518 U.S. 343 (1996), does not require that he have access to a law library. Given that Medina was provided with the relevant procedural rule by the state district court's order and had access to the rule in prison, he cannot demonstrate that the prison's lack of a law library deprived him of the requisite knowledge.

Medina's final cause argument also fails. He contends that his failure to exhaust state remedies is excused due to the futility of recourse to state courts. But the mere fact that the New Mexico Supreme Court grants a low proportion of petitions for writ of

certiorari does not in itself reflect futility. Rather, Medina's long odds of success before the New Mexico Supreme Court constitute perceived futility, which "alone cannot constitute cause." Engle v. Isaac, 456 U.S. 107, 130 n.36 (1991).

Because Medina has not shown adequate exogenous cause for his default, we do not reach the prejudice element of the McClesky test. As a consequence, Medina's underlying claim regarding the exclusion of his brother's testimony is barred from federal habeas review.

**B**

Medina also argues on appeal that the trial court violated his right under the Sixth Amendment's Confrontation Clause by excluding evidence of a second man's DNA recovered from the victim's cervix. Medina exhausted his state court remedies on this claim, thus, we consider it on the merits.

In § 2254 proceedings a district court may only grant habeas relief if a state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has acknowledged that rape shield laws may implicate the Sixth Amendment because, "[t]o the extent that [they] operate[] to prevent a criminal defendant from presenting relevant evidence, the defendant's ability to confront adverse

witnesses and present a defense is diminished." <u>Michigan v. Lucas</u>, 500 U.S. 145, 149 (1991).  However, such diminution "does not necessarily render that statute unconstitutional." <u>Id.</u>  Instead, "trial judges retain wide latitude to limit reasonably a criminal defendant's right to cross-examine a witness based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." <u>Id.</u>

Medina sought to introduce the DNA evidence at trial for two reasons:  (1) to undermine the victim's credibility as a witness and (2) to cast the DNA identification of Medina into doubt by creating the possibility of laboratory contamination.  With respect to the first argument, the trial court held that because the DNA evidence challenged the victim's credibility—and not Medina's guilt—it was too collateral to be admissible under New Mexico's rape shield law.  The trial court also rejected the second argument based on the rape shield statute.  Given the wide latitude afforded trial judges by <u>Lucas</u>, no reasonable jurist would find it debatable whether the decision of the New Mexico district court was contrary to or involved an unreasonable application of clearly established federal law.[1]

---

[1] Medina also cites N.M. Stat. Ann. § 31-1A-2, but that statute is irrelevant because he does not claim that DNA evidence would prove his innocence.

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.  All

pending motions are **DENIED.**


Entered for the Court,


Carlos F. Lucero
Circuit Judge