FILED
United States Court of Appeals
Tenth Circuit

June 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JIMMY J. HOLT,

      Petitioner-Appellant,

v.

ERASMO BRAVO, Warden of
Guadalupe County Detention Center;
GARY KING, Attorney General of the
State of New Mexico,

      Respondents-Appellees.

No. 11-2060
(D.C. No. 1:10-CV-00186-WJ-DJS)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

---

Petitioner-Appellant Jimmy Holt (representing himself) pled guilty to trafficking

by distribution (cocaine) and conspiracy to commit trafficking by distribution (cocaine)

on August 17, 2009, in New Mexico state court. The court concluded that he was a

habitual offender and sentenced Holt to sixteen years' imprisonment, eight of which were

suspended. Then, Holt filed a state habeas petition, which was denied on November 10,

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2009.  Over one year later, on February 1, 2010, Holt filed a petition for a writ of

certiorari in the Supreme Court of New Mexico.  The deputy clerk of that court returned

the petition to him, stating that it was untimely and would not be accepted.

Holt alleges that prior to petitioning unsuccessfully for certiorari, he filed a second

or successive petition for habeas corpus that was ignored by the state trial judge.  He filed

a petition for a writ of mandamus to compel a ruling on the second or successive petition,

but the Supreme Court of New Mexico denied mandamus.

Subsequently, Holt brought this federal habeas action under 28 U.S.C. § 2254,

alleging (1) that his standby counsel was ineffective, (2) that his standby counsel and the

district court conspired against him, (3) that a Brady[1] violation occurred, (4) that his

Sixth Amendment compulsory process rights were violated, and (5) that the trial judge

violated his due process rights.  The district court, adopting the findings presented in the

magistrate judge's report and recommendation, dismissed his petition.

"[I]f the court to which petitioner must present his claims in order to meet the

exhaustion requirement would now find those claims procedurally barred, there is a

procedural default for the purpose of federal habeas review."  Dulin v. Cook, 957 F.2d

758, 759 (10th Cir. 1992).  The New Mexico procedure for appealing a state district

court's denial of a petition for writ of habeas corpus is to file a petition for certiorari with

the Supreme Court of New Mexico within thirty days.  N.M. R. App. P. 12-501(B).  Holt

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

did not file a petition for certiorari within thirty days. Thus, we agree with the district court that Holt procedurally defaulted his claims. We, therefore, DENY a certificate of appealability and DISMISS this petition.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

3