**Walter WATSON, Petitioner–Appellant,**

v.

**STATE OF NEW MEXICO and New Mexico Attorney General, Respondents–Appellees.**

No. 93–2283.

United States Court of Appeals, Tenth Circuit.

Jan. 18, 1995.

Roger A. Finzel, Asst. Federal Public Defender, Albuquerque, NM, for petitioner-appellant.

Gail MacQuesten, Asst. Atty. Gen. (Tom Udall, Atty. Gen., with her on the brief), Santa Fe, NM, for respondent-appellee.

Before KELLY, Circuit Judge, and SETH and McWILLIAMS, Senior Circuit Judges.

McWILLIAMS, Senior Circuit Judge.

On January 4, 1990, Walter Watson filed a petition under 28 U.S.C. § 2254 in the United States District Court for the District of New Mexico. In the petition, Watson alleged that he had been convicted in a state court of New Mexico for sexual contact of a minor and sentenced to a term of imprisonment and a one-year mandatory parole upon release. As grounds for relief from the conviction and sentence thus suffered, Watson urged four grounds: (1) the state statute under which he was convicted, N.M.Stat.Ann. § 30–9–13 (1978), is unconstitutionally vague and overbroad; (2) the state failed to meet its burden of proof by failing to prove the crime charged; (3) the information failed to give notice of the crime charged; and (4) ineffective assistance of counsel both in the state trial court and the state appellate court.

By answer, the state admitted that Watson was in its custody or control as of the date the petition was filed and that it appeared that the "issues raised in the Petition have been exhausted because Petitioner currently has no available state mechanism for obtaining review of the merits of his claims." The answer concluded by averring that Watson failed to "state a constitutional claim cognizable under 28 U.S.C. § 2254."

Later, New Mexico filed a motion to dismiss certain of petitioner's claims based, in part, on procedural default. The magistrate thereafter denied the motion to dismiss and heard Watson's claims on their merits.[1] In the proposed findings and recommended disposition, the magistrate found that Watson had failed to allege facts which, if proven, would entitle him to relief and recommended that Watson's claims be dismissed with prejudice. The district court thereafter adopted the magistrate's findings and recommendation and dismissed the petition with prejudice. Watson appeals. Some background facts are necessary to put the matter in focus.

On August 12, 1987, Watson was charged in the District Court for the Ninth Judicial District of New Mexico with sexual contact of a minor in violation of state law. On November 24, 1987, a jury convicted Watson on the charge and on February 5, 1988, he was sentenced to imprisonment for eighteen months to be followed by one-year mandatory parole. A notice of appeal to the New Mexico Court of Appeals was filed on March 4, 1988. On appeal, counsel raised a single issue challenging the sufficiency of the evidence. On May 3, 1988, the New Mexico Court of Appeals affirmed Watson's conviction and ordered Watson to commence serving his sentence.

On March 20, 1989, Watson filed a *pro se* petition for habeas corpus in the District Court for the Ninth Judicial District of New Mexico, raising the same grounds for relief as he subsequently raised in his federal habeas corpus action, which grounds have been set forth above. On July 21, 1989, the state district court denied Watson's petition. Watson thereafter did not appeal that judgment to the New Mexico Supreme Court, as he

---

1. The magistrate determined that petitioner's failure to exhaust state remedies was not fatal to his federal habeas appeal based on his interpretation of the rule set forth in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), and later clarified in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that:

   In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition. *Id.* at 735, 111 S.Ct. at 2557.

   Based on the above quoted language, the magistrate determined that since the state district court, the last court to which Watson presented his federal claims, did not clearly and expressly rely on independent and adequate state grounds, federal jurisdiction was presumed.

   However, in this regard, footnote 1 of *Coleman* states that the above-quoted rule does not apply if "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. *In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which petitioner actually presented his claims.*" *Id.* at 735, n. 1, 111 S.Ct. at 2557 n. 1 (emphasis added).

could have under New Mexico Rules of Appellate Procedure 12–501, which provides that where a petition for habeas corpus is denied by a district court, the petitioner has thirty days to thereafter seek certiorari review by the New Mexico Supreme Court.

■ On appeal, Watson argues that the district court erred in dismissing his petition, and that, at the very least, he was entitled to an evidentiary hearing. New Mexico's initial position is that Watson is in procedural default and cannot raise the matters which he sought to raise in federal district court because, having raised the identical issues in his state habeas corpus proceeding, which petition, as indicated, was denied, he did not thereafter avail himself of the provisions of New Mexico Rules of Appellate Procedure 12–501 under which he could have petitioned the Supreme Court of New Mexico for review of the district court's denial of his petition. Alternatively, New Mexico argues that the issues sought to be raised in Watson's petition in federal district court are without merit. Under the described chronology, we must first consider New Mexico's initial position that Watson is in procedural default and cannot raise in federal district court the matters which he sought to raise. In this regard, see *Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir.1993), where we said, "[R]espondent raises the issue of procedural default, which we must resolve before considering the merits."

*Dulin v. Cook*, 957 F.2d 758 (10th Cir.1992) is virtually on all fours with the instant case. In *Dulin*, the petitioner in federal district court had previously filed a petition for habeas corpus in the Utah state district court. The state district court denied Dulin's petition and on appeal, the Utah Court of Appeals affirmed. Utah law provided that the petitioner was entitled to seek certiorari review by the Utah Supreme Court of the decision of the Utah Court of Appeals within thirty days after its entry. *Id.* at 759. However, the petitioner failed to seek the requisite discretionary review by the Utah Supreme Court, and, having failed to exhaust his state court remedies, the federal district court held that petitioner was procedurally barred from raising the matters which he sought to raise in federal district court. *Id.* On appeal, we affirmed, in effect, the district court's holding that petitioner was procedurally barred from raising the issues which he sought to raise, but remanded the case to the district court to determine whether there was "cause and prejudice" for the default. *Id.* at 760.

In accord with *Dulin, see Ballinger v. Kerby*, 3 F.3d 1371 (10th Cir.1993), where Ballinger, the petitioner in federal district court, challenged his criminal conviction in a state court in New Mexico. In *Ballinger,* we discussed our holding in *Dulin,* which discussion parallels the above analysis. In line therewith, we concluded in *Ballinger* that "[T]herefore, petitioner's [Ballinger's] claim of a federal due process violation, raised before the state trial court in his state petition, was procedurally defaulted by his failure to obtain timely review by the New Mexico Supreme Court." 3 F.3d at 1374. That fits our case, too. Accordingly, Watson, by his failure to seek timely state supreme court review of the denial of his habeas corpus petition by the state district court, failed to exhaust the available state court remedies and his claims are now procedurally defaulted for purposes of federal habeas review.

■ Watson argues, alternatively, that should we find procedural default, we should remand for a hearing on the issues of "cause and prejudice" for the default, or whether to enforce the procedural default rule would result in a "miscarriage of justice."[2] Specifically, on the "cause" issue, Watson alleges

---

2. Watson did raise the issue of miscarriage of justice in the federal district court in Petitioner's Response to Respondent's Motion to Dismiss, Case No. 93–2283, Record on Appeal § 17, p. 9. As indicated above, because the district court did not find that Watson had procedurally defaulted for purposes of federal habeas review, this issue was not addressed. In light of our disposition in this case, we conclude that Watson should be granted the opportunity to present evidence on this issue upon remand. Cases involving a fundamental miscarriage of justice "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McClesky v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (citation omitted).

that he was ignorant of the procedures that he was supposed to follow and that the library at the Las Cruces Correctional Facility was inadequate for him to learn the correct procedures.

In *Dulin,* 957 F.2d at 760, we reiterated our adoption of the Supreme Court's "cause and prejudice" standard announced in *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991):

> In all cases where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565.

■ In order to satisfy the "cause" standard, Petitioner must show that "some objective factor external to the defense" impeded his compliance with New Mexico's procedural rules. *Dulin,* 957 F.2d at 760 (quoting *McClesky v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991)). Moreover, as further noted in *Dulin,* petitioner's alleged lack of knowledge must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or the law. 957 F.2d at 760.[3]

As indicated above, Watson claimed that he was ignorant of the procedures that he was supposed to follow and that the library at the Las Cruces Correctional Facility was inadequate for him to learn the correct procedures. Since the district court in our case did not find procedural default, these matters were not addressed. Thus, as was the case in *Dulin,* Petitioner should be afforded the opportunity to prove these circumstances did in fact exist.

---

3. The "cause and prejudice" standard applies to pro se prisoners such as Watson, just as it applies to prisoners represented by counsel. *See Dulin,*

Judgment vacated and case remanded for further proceedings consonant with this opinion.

957 F.2d at 760; *Rodriguez v. Maynard,* 948 F.2d 684, 687 (10th Cir.1991).