**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PERCY BARNETTE MORSE, JR.,

      Petitioner-Appellant,

v.

ROBERT D. HANNIGAN and
THE ATTORNEY GENERAL OF
THE STATE OF KANSAS,

      Respondents-Appellees.

No. 98-3231
(D.C. No. 96-CV-3344-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Percy Barnette Morse, Jr., appearing pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus relief. The district court determined that because petitioner failed to exhaust his available state court remedies, his habeas issues were procedurally barred. The district court subsequently denied petitioner's application for a certificate of appealability. Because petitioner has failed to make "a substantial showing of the denial of a constitutional right," we also deny petitioner a certificate of appealability and dismiss his appeal. 28 U.S.C. § 2253(c)(2).

We construe petitioner's pro se pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Applying this liberal construction to petitioner's request for certificate of appealability, we discern the following issues: (1) petitioner was improperly charged with multiplicitous offenses; (2) the trial court failed to give a lesser included offense instruction; (3) there was insufficient evidence to support petitioner's conviction; and (4) the jury's verdicts were inconsistent. These are the same issues raised by petitioner in his state court actions.

On November 6, 1990, petitioner was convicted of aggravated robbery and sentenced to six and one-half to twenty years' imprisonment. On direct appeal, the Kansas Court of Appeals affirmed his conviction. His attempt to petition the Kansas Supreme Court for certiorari was dismissed as untimely. Petitioner's

-2-

appeal of the dismissal of his application for post-conviction relief under Kan. Stat. Ann. § 60-1507 was dismissed by the Kansas Court of Appeals as untimely. He did not seek review of this decision by the Kansas Supreme Court, but instead filed this action for federal habeas corpus relief.

A state prisoner cannot petition for federal habeas corpus relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is satisfied if the highest court exercises discretion not to review the case." *Id.* Here, the district court dismissed petitioner's federal habeas corpus petition, concluding that the issues raised were procedurally defaulted and that petitioner failed to show the requisite cause and prejudice, or fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). We agree, although for slightly different reasons than those relied on by the district court. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.") (quotation omitted).

-3-

Kansas law provides an entitlement to certiorari review by the Kansas Supreme Court. *See* Kan. Stat. Ann. § 20-3018(b). Here, petitioner failed to seek this discretionary review within thirty days of the date of the Kansas Court of Appeals' decision on his direct appeal. *See id.* Instead, he filed a document titled "Motion to Request Last Prayer of Petition for Review," which the Kansas Supreme Court summarily denied. Petitioner then filed a petition for state habeas corpus relief under Kan. Stat. Ann. § 60-1507 which was dismissed by the trial court. Petitioner's appeal to the Kansas Court of Appeals was dismissed as untimely. *See* Kan. Stat. Ann. § 60-2103. Petitioner did not seek review of this decision by the Kansas Supreme Court. Therefore, it appears clear that petitioner's claims have never been properly presented to the highest state court. *See Dever*, 36 F.3d at 1534.

Generally, when a petitioner fails to exhaust his state court remedies, his federal habeas petition should be dismissed so that the petitioner can return to state court to pursue those remedies. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). In *Coleman*, however, the Supreme Court, held that if "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, petitioner's claims are procedurally defaulted for purposes of federal habeas regardless of the

decision of the last state court to which petitioner actually presented his claims."

501 U.S. at 735 n.1; *see also Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992)

(holding that a petitioner's failure to properly present his claims in state court for

exhaustion purposes constitutes "procedural default for the purposes of federal

habeas review"). Here, petitioner's failure to seek timely review by the Kansas

Supreme Court of his direct appeal and the denial of his state habeas petition

constituted failure to exhaust his available state remedies. Therefore, because a

return to state court at this point would be futile, his claims are procedurally

defaulted for purposes of federal habeas corpus review. *See Watson v. New*

*Mexico*, 45 F.3d 385, 387 (10th Cir. 1995).

Generally, federal habeas corpus review of procedurally barred issues is

precluded "unless the prisoner can demonstrate cause for the default and actual

prejudice as a result of the alleged violation of federal law, or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice."

*Coleman,* 501 U.S. at 750. Here, petitioner failed in the district court and fails on

appeal to demonstrate cause for his default or prejudice as a result of any alleged

violation of federal law. [1] He does not allege any fundamental miscarriage of

---

[1] We note that although petitioner alleges that his counsel had a "duty" to file a petition for certiorari with the Kansas Supreme Court, he does not allege ineffective assistance of counsel. Moreover, petitioner was not entitled to counsel in his state post-conviction proceedings. *See Coleman*, 501 U.S. at 752.
(continued...)

justice. Therefore, the district court properly held that federal review of the issues in his habeas petition was procedurally barred.

This court has reviewed petitioner's application for a certificate of appealability, his appellate brief, [2] the district court's order, and the record on appeal. We conclude that petitioner has not made a substantial showing of the denial of a constitutional right, and is, therefore, not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *overruled in part on other grounds by United States v. Kunzman*, 125 F.3d 1363 (10th Cir. 1997).

Accordingly, we DENY petitioner's application for a certificate of appealability and DISMISS this appeal. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge

---

[1](...continued)
Therefore, insofar as petitioner is claiming attorney error in his failure to file an appeal of his state habeas dismissal, there can be no ineffective assistance. *See id.*

[2]    Appellees did not file an answer brief in this appeal.