**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RUSSELL DEAN WILLIFORD,

      Petitioner - Appellant,

vs.

RON CHAMPION, Warden, aka Roy
Champion; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
STATE OF OKLAHOMA; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondent - Appellee.

No. 01-7053
(D.C. No. 99-CV-122-X)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Petitioner Russell Dean Williford, an inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

order denying relief on his habeas petition pursuant to 28 U.S.C. § 2254. We

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because Mr. Williford has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we dismiss the appeal.

Mr. Williford was convicted of murder in the first degree of Waylon Fletcher and was sentenced to life imprisonment without parole. His conviction and sentence were affirmed on direct appeal. He then sought state post-conviction relief. The state district court denied relief, and that denial was affirmed on appeal.

In his federal petition, Mr. Williford raises seven issues: (I) the State presented insufficient evidence of malice to support the conviction, (II) the trial court improperly admitted photographs of the victim and crime scene, (III) the prosecution elicited prejudicial and perjured testimony, (IV) perjury is sufficient to establish obstruction of justice where the prosecution knew that the State witness was testifying falsely, (V) prosecutorial misconduct that resulted in an unfair trial, (VI) ineffective assistance by trial counsel, and (VII) ineffective assistance by appellate counsel.

We have reviewed the record. We agree with the magistrate court that the Oklahoma Court of Criminal Appeals ("OCCA") addressed Mr. Williford's claim of insufficient evidence of malice on the merits. Williford v. Oklahoma, No. F-97-271, slip op. at 6 (Okla. Crim. App. Feb. 11, 1998). Mr. Williford has not

demonstrated that the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 404 (2000)(opinion of O'Connor, J.). We agree with the magistrate judge and the district court that, in a federal habeas corpus proceeding, "the relevant question [when the sufficiency of the evidence has been challenged] is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

We find Mr. Williford's second claim that the trial court improperly admitted photographs of the victim and crime scene to have been waived. Other than a reference on page 3.d of petitioner's brief to Roman numeral "II,"no argument regarding the photographs is made. Furthermore, the text of the sentence in which the "II" appears makes it clear that the "II" is a typographical error. The petitioner intended "III" as the text of the sentence refers to perjured testimony not improperly admitted photographs. Aplt. Br. at 3.d. Because issues not raised in the opening brief are deemed abandoned or waived, Mr. Williford's second claim is waived. See Fed. R. App. P. 28(a); Scrivner v. Sonat Exploration Co., 242 F.3d 1288, 1294 (10th Cir. 2001)(quoting Coleman v. B-G Maint. Mgmt of Colo., Inc., 108 F.3d 1199, 1205 (10th Cir. 1997)).

We also agree with the magistrate judge and the district court that Mr. Williford's remaining claims are procedurally barred because of his failure to file his petition in error within thirty days from the entry of judgment, as required by Oklahoma's appellate court rules. Okla. Crim. App. R. 5.2(c)(2). These claims include: (III) the prosecution elicited prejudicial and perjured testimony, (IV) perjury as an obstruction of justice, (V) prosecutorial misconduct resulting in an unfair trial, (VI) ineffective assistance of trial counsel, and (VII) ineffective assistance of appellate counsel. The general rule is that this court "does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991). Mr. Williford claims that his mistaken belief that the thirty-day period for appealing the judgment was not triggered until the court forwarded to him a copy of the judgment and the clerk of the court's eleven-day delay in forwarding the court's judgment to him both qualify as cause. Aplt. Br. at 3 and 3.c. Ignorance of the rules of law does not qualify as cause.

See Watson v. New Mexico, 45 F.3d 385, 388 (10th Cir. 1995). We agree with the magistrate judge and district court that Mr. Williford has not established cause for his failure to submit a petition in error and brief during the nineteen days between the time the copy of the judgment was forwarded to him and the end of the thirty-day period. We, therefore, need not consider whether Mr. Williford suffered prejudice.

Mr. Williford has not demonstrated that a fundamental miscarriage of justice would occur if his claims are procedurally barred. To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera v. Collins, 506 U.S. 390, 404 (1993)). Mr. Williford does not claim that he is innocent of killing Waylon Fletcher. Rather, he claims "that the prosecution failed to prove an essential element of the crime necessary for conviction." Aplt. Br. at 3.d. This argument, however, does not go to factual innocence.

We DENY Mr. Williford's request for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge