David SWEET, Petitioner–Appellant,

v.

Joe WILLIAMS, Warden, Lea County Correctional Facility; Attorney General for the State of New Mexico, Respondents–Appellees.

No. 01–2040.

United States Court of Appeals, Tenth Circuit.

April 25, 2002.

Before KELLY, McKAY, and MURPHY, Circuit Judges.*

## ORDER AND JUDGMENT**

PAUL KELLY, JR., Circuit Judge.

Petitioner–Appellant David Sweet, an inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his habeas petition pursuant to 28 U.S.C. § 2254. Because Mr. Sweet has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we dismiss the appeal.

Mr. Sweet was convicted by a jury of conspiracy to distribute marijuana and was sentenced as an habitual offender for a total of nine and one-half years incarceration. His conviction and sentence were affirmed on direct appeal. He then sought state post-conviction relief. The state court denied relief, and Mr. Sweet failed to file a timely petition for review of that denial in the New Mexico Supreme Court. Mr. Sweet's Motion for Extension of Time to File Petition for Writ of Certiorari was denied.

In his federal petition, Mr. Sweet raises three issues: (1) insufficient evidence to warrant a conviction, (2) improper admission of a Western Union receipt, and (3) ineffective assistance of counsel. Aplt. Br. at 7.

We have reviewed the record. The sufficiency of the evidence and the admissibility of the Western Union receipt were addressed by the New Mexico Court of Appeals. Doc. 9, Ex. J at 3–6. We find for substantially the same reasons given by the magistrate judge that Mr. Sweet has not demonstrated that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As to Mr. Sweet's claim of ineffective assistance of counsel, we find it to be procedurally barred by his failure to file a timely petition for review to the New Mexico Supreme Court. *O'Sullivan v. BoercKel*, 526 U.S. 838, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Watson v. New Mexico*, 45 F.3d 385, 387 (10th Cir.1995). The general rule is that this court "does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998). We agree with the magistrate judge and the district court

---

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that Mr. Sweet has not shown cause and prejudice or a fundamental miscarriage of justice for substantially the same reasons set forth in the magistrate judge's report and recommendation. Doc. 15 at 4–6.

We DENY Mr. Sweet's request for a COA and DISMISS this appeal.