F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE CASTRO-QUIRINO,

        Petitioner - Appellant,

v.

LANE BLAIR, Warden, Torrance
County Detention Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 06-2322

(D. New Mexico)

(D.C. No. CIV-03-753-MV)

**ORDER**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.


Petitioner, Jose Castro-Quirino seeks a certificate of appealability ("COA")
from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254
habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be
taken from a final order disposing of a § 2254 petition unless the petitioner first
obtains a COA). Because Castro-Quirino has not "made a substantial showing of
the denial of a constitutional right," this court **denies** his request for a COA and
**dismisses** this appeal. *Id*. § 2253(c)(2).

After a New Mexico jury trial, Castro-Quirino was convicted of
intimidation of a witness, aggravated battery against a household member, and

criminal sexual penetration in the third degree.  On direct appeal, the New Mexico Court of Appeals affirmed the convictions, rejecting Castro-Quirino's arguments of insufficient evidence.  Castro-Quirino then filed a state habeas corpus petition which was denied by the state district court.  His petition for a writ of certiorari was rejected by the New Mexico Supreme Court as untimely.

Castro-Quirino filed the instant § 2254 habeas application on June 25, 2003, raising the following allegations: (1) he was denied the effective assistance of trial counsel, (2) his double jeopardy rights were violated, and (3) prosecutorial misconduct and numerous errors committed by the trial court deprived him of a fair trial.  Respondent moved to dismiss Castro-Quirino's § 2254 petition.  The district court granted Respondent's motion, concluding Castro-Quirino's claims were procedurally defaulted due to his failure to perfect a timely petition for writ of certiorari in the New Mexico Supreme Court.  *See Watson v. New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995).  The court determined Castro-Quirino failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

This court cannot grant Castro-Quirino a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Castro-Quirino has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Castro-Quirino is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Castro-Quirino's appellate briefs, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Castro-Quirino is not entitled to a COA. The district court's resolution of Castro-Quirino's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Castro-Quirino has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Castro-Quirino's request for a COA, **dismisses** this appeal, and **grants** counsel's motion to withdraw.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-